UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY formerly known as THE AETNA CASUALTY AND SURETY COMPANY, | : : : : | CIVIL ACTION NO. |
| Plaintiff, | : : | |
| v. | : : | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, and NATIONAL CASUALTY COMPANY, and EMPLOYERS INSURANCE COMPANY OF WAUSAU, | : : : : : | |
| Defendants. | : | JANUARY 19, 201 |

**COMPLAINT**

1. This is an action for breach of contract and declaratory judgment. The Plaintiff, Travelers Casualty and Surety Company, successor in interest to The Aetna Casualty and Surety Company ("Plaintiff" or "Travelers Casualty"), entered into a series of reinsurance contracts with the defendants, Nationwide Mutual Insurance Company ("Nationwide"), National Casualty Company ("National Casualty"), and Employers Insurance Company of Wausau ("Wausau") (collectively, the defendants are referred to herein as the "Reinsurers"). The Reinsurers have failed and refused to pay valid claims due under those contracts, and Travelers Casualty seeks damages arising out of Reinsurers' breaches of the contracts.

**I.  PARTIES**

2. The Plaintiff, Travelers Casualty and Surety Company, is a corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Travelers Casualty is the entity formerly known as The Aetna Casualty and Surety Company. Throughout this Complaint, the term "Travelers Casualty" means Travelers Casualty and Surety Company and The Aetna Casualty and Surety Company.

3. The defendant Nationwide is a corporation organized under the laws of the State of Ohio, with its principal place of business at Columbus, Ohio.

4. The defendant National Casualty is a corporation organized under the laws of the State of Wisconsin, with its principal place of business at Columbus, Ohio.

5. The defendant Wausau is a corporation organized under the laws of the state of Wisconsin, with its principal place of business in Wausau, Wisconsin.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The action is between citizens of different states, and the amount in controversy exceeds $75,000.00 excluding interest and costs.

7. This Court has personal jurisdiction over the defendant Reinsurers because the Reinsurers systematically and continuously transact business within the State of Connecticut.

8. This District is a proper venue for this action. The Reinsures are corporations that are subject to personal jurisdiction in this District, and, therefore, pursuant to 28 U.S.C. § 1391(c), they reside in this District for purposes of venue. Accordingly, venue is appropriate pursuant to 28 U.S.C. § 1391(a)(1).

## III. THE REINSURANCE CONTRACTS

9. At all times relevant to this Complaint, Travelers Casualty was a company engaged in the business of insurance and related financial services.

10. In the course of conducting its insurance business, Travelers Casualty purchased reinsurance protection. Reinsurance has been described as "insurance for insurance companies." Generally speaking, a reinsurance contract is one in which an insurance company – called a

"ceding company," or "cedent" – pays a premium to a second insurer, called a "reinsurer." In return, the reinsurer agrees to accept some or all of the risk of the insurance company's policies.

11.   The defendant Reinsurers were among several reinsurers that subscribed to a series of reinsurance contracts, commonly referred to in the industry as reinsurance treaties, that comprised what was referred to as Travelers Casualty's Blanket Excess of Loss program. The program incepted in 1962 and renewed annually through the annual periods that are involved in this action. In each year, different reinsurers subscribed to the program at different times and at different layers of participation.

12.   The relevant treaties at issue in this action are the Blanket Casualty Excess of Loss Reinsurance Agreements covering the period from April 1, 1976 to April 1, 1979 (the "Reinsurance Treaties"). The Reinsurance Treaties are a particular type of reinsurance agreement that permits the aggregation or accumulation of multiple underlying losses that have similar causes or attributes as a single reinsurance loss.

13.   In the Reinsurance Treaties, the Reinsurers promised to provide reinsurance coverage to Travelers Casualty in return for Travelers Casualty's payment of premium. More specifically, the Reinsurers promised to indemnify Travelers Casualty for, among other things, each and every loss which occurs during the terms of the Reinsurance Treaties.

14.   The Reinsurance Treaties define the term "disaster and/or casualty" so as to "be understood to include each and every accident, occurrence and/or causative incident, it being further understood that all loss resulting from a series of accidents, occurrences and/or causative incidents having a common origin and/or being traceable to the same act, omission, error and/or mistake shall be considered as having resulted from a single accident, occurrence and/or causative incident."

15.  In the Reinsurance Treaties, the Reinsurers promised not to attempt to avoid their reinsurance obligations by second-guessing Travelers Casualty's settlements with policyholders and claimants.  The Reinsurers agreed that any and all payments made by Travelers Casualty in settlement of loss or losses under its policies shall be unconditionally binding upon the Reinsurers and that amounts falling to Reinsurers' share of reinsurance shall be immediately payable to Travelers Casualty upon reasonable evidence of the amount paid by Travelers Casualty being presented.  Specifically, the Reinsurers promised "to abide by the loss settlements of" Travelers Casualty and also agreed that settlements reached by Travelers Casualty would "be considered as satisfactory proofs of loss."

16.  In the Reinsurance Treaties, the Reinsurers promised to pay Travelers Casualty's reinsurance claims promptly.  Specifically, the Reinsurers agreed that the amounts they owed Travelers Casualty under the Reinsurance Treaties would be "immediately payable to [Travelers Casualty] . . . upon reasonable evidence of the amount paid or to be paid by [Travelers Casualty] being presented to the Reinsurers."

17.  Among other policies, the Reinsurance Treaties reinsured several insurance policies that Travelers Casualty issued to Armstrong Contracting and Supply Company ("ACandS").  With respect to the billings at issue in this Complaint, Travelers Casualty issued the four primary liability insurance policies to ACandS covering the period from January 1, 1976 to January 1, 1980 (collectively the "ACandS Post-Date Policies").

18.  Travelers Casualty also issued primary liability insurance policies to ACandS covering certain periods before the coverage provided by the ACandS Post-Date Policies.  These earlier ACandS policies ("the Pre-Date Policies") were also reinsured under the Blanket Excess of Loss program.

19. With respect to the billings at issue in this Complaint, Nationwide subscribed to the Reinsurance Treaties for the annual underwriting periods 1975, 1976, 1977, and 1978.

20. With respect to the billings at issue in this Complaint, National Casualty subscribed to the Reinsurance Treaties for the annual underwriting periods 1975, 1976, 1977, and 1978.

21. With respect to the billings at issue in this Complaint, Wausau subscribed to the Reinsurance Treaties for the annual underwriting periods 1975, 1976, 1977, and 1978.

## IV.   THE ACandS CLAIMS

22. At all times relevant herein, ACandS was allegedly engaged in the business of handling, distributing, installing, and using asbestos-containing materials.

23. ACandS became the subject of numerous claims from individuals alleging that they were injured by asbestos used by ACandS in its business activities (the "Asbestos Claims"). ACandS alleged that these Asbestos Claims included both product and non-product claims.

24. ACandS asserted that Travelers Casualty was obligated under the insurance policies that it issued to ACandS to defend and/or indemnify them with respect to the underlying Asbestos Claims.

25. Travelers Casualty made indemnity payments and incurred defense and other costs, in connection with ACandS's tender of the Asbestos Claims to the underlying policies issued by Travelers Casualty. All of these indemnity, defense and other expenses are referred to in this Complaint as the "Asbestos Losses."

26. As a result of these payments by Travelers Casualty, ACandS eventually exhausted the limits of the Travelers Casualty Pre-Date Policies. Travelers Casualty billed its reinsurers for the amounts paid under the Pre-Date Policies.

27. ACandS maintained, however, that Travelers Casualty remained liable under the ACandS Post-Date Policies to defend and indemnify ACandS indefinitely because ACandS alleged that many of the Asbestos Claims were non-product losses under the ACandS Post-Date Policies.

28. In 2007 Travelers Casualty and ACandS entered into a settlement agreement (the "ACandS Settlement").  The ACandS Settlement obliged Travelers Casualty to pay $449,000,000 to the ACandS Asbestos Settlement Trust.  On or about September 4, 2007, Travelers Casualty paid $449,000,000 to an escrow account and said funds were transferred to the ACandS Asbestos Settlement Trust thereafter.  Under the Settlement Agreement, ACandS fully released all claims against the ACandS Post-Date Policies.

## V. TRAVELERS CASUALTY'S REINSURANCE BILLINGS AND REINSURERS' REFUSAL TO PAY

29. Travelers Casualty submitted reinsurance billings to its various reinsurers under the Blanket Excess of Loss program for loss payments arising out of Travelers Casualty's insurance of ACandS.

30. Under the terms of the Reinsurance Treaties, the Reinsurers were obligated to indemnify Travelers Casualty for its participating share of the Asbestos Losses, including the Reinsurers' participating share of the $449 million settlement payment made to ACandS.

31. As a result of the ACandS Settlement, in November, 2008, Travelers Casualty submitted reinsurance billings to its reinsurers, including the Reinsurers named in this Complaint, arising out of the ACandS Settlement.  Consistent with its reinsurance notices and its treatment of similar losses under the Blanket Excess of Loss program, Travelers Casualty presented all of the ACandS Asbestos Losses in each year as a single reinsurance loss.

32.     In or about November 22, 2008, Travelers Casualty billed Nationwide in the amount of $2,707,499.85 which represented the total amount due from Nationwide under the Reinsurance Treaties as a result of the payments by Travelers Casualty under the ACandS Settlement.  That amount is the sum total due from Nationwide under the Reinsurance Treaties at issue in this action and the treaty covering the annual period from May 1, 1979 to May 1, 1980, as a result of the payments by Travelers Casualty made under and in connection with the ACandS Settlement.  The amount due from Nationwide under the Reinsurance Treaties at issue in this litigation is $2,257,499.85.  The amount due from Nationwide under the 1979-1980 reinsurance treaty—$450,000.00—is not at issue in this litigation because any dispute arising from Nationwide's failure to pay the amount due under the 1979-1980 reinsurance treaty is subject to the arbitration provision contained in that treaty.

33.     In or about November 2008, Travelers Casualty billed National Casualty in the amount of $2,766,275.93 which represented the total amount due from National Casualty under the Reinsurance Treaties as a result of the payments by Travelers Casualty under the ACandS Settlement. That amount is the sum total due from National Casualty under the Reinsurance Treaties at issue in this action and the treaty covering the annual period from April 1, 1979 to April 1, 1980, as a result of the payments by Travelers Casualty made under and in connection with the ACandS Settlement.  The amount due from National Casualty under the Reinsurance Treaties at issue in this litigation is $2,248,129.20.  The amount due from National Casualty under the 1979-1980 reinsurance treaty—$518,146.73—is not at issue in this litigation because any dispute arising from National Casualty's failure to pay the amount due under the 1979-1980 reinsurance treaty is subject to the arbitration provision contained in that treaty.

34. In or about November 2008, Travelers Casualty billed Wausau in the amount of $693,138.02, which represented the total amount due from Nationwide under the Reinsurance Treaties as a result of the payments by Travelers Casualty under the ACandS Settlement. That amount is the sum total due from Wausau under the Reinsurance Treaties at issue in this action and the treaty covering the annual period from April 1, 1979 to April 1, 1980, as a result of the payments by Travelers Casualty made under and in connection with the ACandS Settlement. The amount due from Wausau under the Reinsurance Treaties at issue in this litigation is $595,314.65. The amount due from National Casualty under the 1979-1980 reinsurance treaty—$97,823.37—is not at issue in this litigation because any dispute arising from National Casualty's failure to pay the amount due under the 1979-1980 reinsurance treaty is subject to the arbitration provision contained in that treaty.

35. Each of the reinsurance billings was accompanied by a proof of loss as evidence of the amount paid.

36. The Reinsurers were provided an opportunity to review the ACandS Settlement.

37. Although the Reinsurers had promised to pay reinsurance claims immediately upon receiving "evidence of the amount paid," the Reinsurers have refused to pay any of Travelers Casualty's Reinsurance Billings arising out of its payments of the Asbestos Losses arising out of the ACandS Settlement.

## COUNT ONE
### (Breach of Contract against Nationwide)

38. Travelers Casualty realleges all of the allegations of each of Paragraphs 1 through 36 as if fully set forth herein.

39. The Reinsurance Treaties are binding contracts between Travelers Casualty and its reinsurers, including Nationwide.

40. Under the terms of the Reinsurance Treaties to which it subscribed and which are at issue in this litigation, Nationwide is obligated to pay to Travelers Casualty $2,257,499.85 as a result of the payments made by Travelers Casualty under the ACandS Settlement. In accordance with the terms of those Reinsurance Treaties, Travelers Casualty has billed Nationwide for the $2,257,499.85 it owes Travelers Casualty as a result of the payments made by Travelers Casualty under the ACandS Settlement.

41. Nationwide has failed and wrongfully refused to make payments on the reinsurance billings. By improperly failing to make any such payments, Nationwide has breached the contractual obligations it owes to Travelers Casualty under the Reinsurance Treaties.

42. Travelers Casualty has performed all of the obligations required of it under the Reinsurance Treaties, including but not limited to the payment of premium.

43. Travelers Casualty has been damaged by Nationwide's breach of contract. Specifically, Travelers Casualty has been damaged by Nationwide's breach of contract in the principal amount of at least $2,257,499.85 excluding interest and costs.

## COUNT TWO
### (Breach of Contract against National Casualty)

44. Travelers Casualty realleges all of the allegations of each of Paragraphs 1 through 36 as if fully set forth herein.

45. The Reinsurance Treaties are binding contracts between Travelers Casualty and its reinsurers, including National Casualty.

46. Under the terms of the Reinsurance Treaties to which it subscribed and which are at issue in this litigation, National Casualty is obligated to pay to Travelers Casualty $2,248,129.20 as a result of the payments made by Travelers Casualty under the ACandS

Settlement. In accordance with the terms of those Reinsurance Treaties, Travelers Casualty has billed National Casualty for the $2,248,129.20 it owes Travelers Casualty as a result of the payments made by Travelers Casualty under the ACandS Settlement.

47. National Casualty has failed and wrongfully refused to make payments on the reinsurance billings. By improperly failing to make any such payments, National Casualty has breached the contractual obligations it owes to Travelers Casualty under the Reinsurance Treaties.

48. Travelers Casualty has performed all of the obligations required of it under the Reinsurance Treaties, including but not limited to the payment of premium.

49. Travelers Casualty has been damaged by National Casualty's breach of contract. Specifically, Travelers Casualty has been damaged by National Casualty's breach of contract in the principal amount of at least $2,248,129.20 excluding interest and costs.

## COUNT THREE
### (Breach of Contract against Wausau)

50. Travelers Casualty realleges all of the allegations of each of Paragraphs 1 through 36 as if fully set forth herein.

51. The Reinsurance Treaties are binding contracts between Travelers Casualty and its reinsurers, including Wausau.

52. Under the terms of the Reinsurance Treaties to which it subscribed and which are at issue in this litigation, Wausau is obligated to pay to Travelers Casualty $595,314.65 as a result of the payments made by Travelers Casualty under the ACandS Settlement. In accordance with the terms of those Reinsurance Treaties, Travelers Casualty has billed Wausau for the $595,314.65 it owes Travelers Casualty as a result of the payments made by Travelers Casualty under the ACandS Settlement.

53. Wausau has failed and wrongfully refused to make payments on the reinsurance billings. By improperly failing to make any such payments, Wausau has breached the contractual obligations it owes to Travelers Casualty under the Reinsurance Treaties.

54. Travelers Casualty has performed all of the obligations required of it under the Reinsurance Treaties, including but not limited to the payment of premium.

55. Travelers Casualty has been damaged by Wausau's breach of contract. Specifically, Travelers Casualty has been damaged by Wausau's breach of contract in the principal amount of at least $595,314.65 excluding interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Travelers Casualty respectfully prays for judgment against the defendant Reinsurers as follows that:

(1) As to Count One, a judgment be entered, stating that Nationwide has breached its contractual obligations to Travelers Casualty under the Reinsurance Treaties by failing to make payments on amounts that Travelers Casualty has properly billed to Nationwide with respect to the ACandS Settlement and awarding Travelers Casualty consequential damages in the amount of the sum of all present arrearages as reflected in the billings submitted by Travelers Casualty to Nationwide, together with pre- and post-judgment interest;

(2) As to Count Two, a judgment be entered, stating that National Casualty has breached its contractual obligations to Travelers Casualty under the Reinsurance Treaties by failing to make payments on amounts that Travelers Casualty has properly billed to National Casualty with respect to the ACandS Settlement and awarding Travelers Casualty consequential damages in the amount of the sum of

all present arrearages as reflected in the billings submitted by Travelers Casualty to National Casualty, together with pre- and post-judgment interest;

(3) As to Count Three, a judgment be entered, stating that Wausau has breached its contractual obligations to Travelers Casualty under the Reinsurance Treaties by failing to make payments on amounts that Travelers Casualty has properly billed to Wausau with respect to the ACandS Settlement and awarding Travelers Casualty consequential damages in the amount of the sum of all present arrearages as reflected in the billings submitted by Travelers Casualty to Wausau, together with pre- and post-judgment interest;

(4) As to all Causes of Action, the Court award Travelers Casualty its costs associated with this action; and

(5) As to all Causes of Action, the Court award such other relief as the Court may deem just and proper.

TRAVELERS CASUALTY AND SURETY COMPANY as successor to THE AETNA CASUALTY AND SURETY COMPANY, Plaintiff,

By _____/s/ Joseph K. Scully_____
 Daniel L. FitzMaurice (ct05331)
 *dlfitzmaurice@daypitney.com*
 Joseph K. Scully (ct26541)
 *jkscully@daypitney.com*
 Thomas O. Farrish (ct26917)
 *tofarrish@daypitney.com*
 Day Pitney LLP
 242 Trumbull Street
 Hartford, Connecticut 06103-3499
 (860) 275-0100
 (860) 881-2516 (fax)
 Its Attorneys